UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANN BROOKS, on behalf of herself
and those similarly situated,

    Plaintiff,

v.                                            CASE NO: 8:07-cv-603-T-26MAP

CHARLES S. WHITE, P.A.,

    Defendant.
_____/

**O R D E R**

Before the Court is Defendant's Motion for Summary Judgment with attachments (Dkt. 16) and Plaintiff's Memorandum in Opposition (Dkt. 19). After careful consideration of the motion, applicable law, and the entire file, the Court concludes that summary judgment should be denied.

In this action for overtime compensation and retaliation brought pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (FLSA), Plaintiff, a paralegal and others similarly situated, seeks to recover damages from her former employer, an attorney, Charles S. White, P.A. (White). The parties agree for purposes of this summary judgment motion that White was not a covered "enterprise" as that term is defined by the FLSA. The issue in this summary judgment is whether a genuine issue of material fact

exists that Plaintiff engaged in interstate commerce sufficient to trigger coverage under the FLSA.  The Court finds a genuine issue of material fact exists.

Viewing the facts in the light most favorable to the non-moving party, Plaintiff, the Court considers the following facts.  Plaintiff was employed by White as a real estate paralegal from July 14, 2005, to July 25, 2006.  Her job duties included using the telephone, mail, facsimile machine, and e-mail with in-state as well as out-of-state individuals and businesses on a regular basis.  She performed business tasks using these instrumentalities attendant with a real estate practice by conducting title searches, preparing paperwork associated with real estate transactions, and facilitating closings including the wiring of money to and from out-of-state lenders.  Plaintiff contends the time sheets do not reflect each and every task she performed because their purpose was to bill the clients, not to account for every minute of an eight-hour day.

The parties agree that <u>Thorne v. All Restoration Servs., Inc.</u>, 448 F.3d 1264 (11th Cir. 2006), is controlling.  Although the court in <u>Thorne</u> affirmed the trial court's decision that the employee, Mr. Thorne, was not qualified for individual coverage under FLSA, the framework for determining individual coverage is applicable to this case.  The facts of <u>Thorne</u> are also distinguishable from this case.  Mr. Thorne regularly used credit cards to make purchases for his employer's business, including purchasing gasoline for the company's truck and purchasing goods and materials from Home Depot for the company.  His purchases were purely local, however, and did not entail corresponding "with merchants outside the state of Florida using the mail, phone, or fax, nor did he produce

evidence that he made purchases of goods from out-of-state vendors." Thorne, 448 F.3d at 1267. The Plaintiff in this case avers that she corresponded in the very way that Mr. Thorne did not. Consequently, Plaintiff has successfully avoided summary judgment by producing evidence showing that a reasonable fact finder may draw more than one inference from the facts about whether she engaged in interstate commerce. See Barfield v. Brierton, 883 F.2d 923, 933-34 (11th Cir. 1989).

It is therefore **ORDERED AND ADJUDGED** that Defendant's Motion for Summary Judgment (Dkt. 16) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, on February 7, 2008.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record